IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERVIN EUGENE FINNEY                                                           PLAINTIFF

v.                                    CIVIL NO. 20-cv-2190

KILOLO KIJAKAZI,[1] Acting Commissioner                          DEFENDANT
Social Security Administration

## **MEMORANDUM OPINION**

Plaintiff, Ervin Eugene Finney, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff protectively filed his current application for DIB on January 22, 2018, alleging an inability to work since April 19, 2017, due to lumbar back pain, pain in his feet, limited education, heart/chest pain, high blood pressure, and borderline diabetes. (Tr. 10, 220). An administrative hearing was held on January 22, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 10, 83–103). A vocational expert (VE) also testified.

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

On February 28, 2020, the ALJ issued an unfavorable decision. (Tr. 7–21). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: myocardial infarction and disorder of the back. (Tr. 12–14). However, after reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 CFR Appendix I to Subpart P of 404, Regulation No. 4. (Tr. 14–15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). (Tr. 15–20).

With the help of a VE, the ALJ determined that Plaintiff could not perform any of his past relevant work. (Tr. 20). The ALJ considered Plaintiff's ability to adjust to other work considering Plaintiff's RFC, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. (Tr. 20–21). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from April 19, 2017, through the date of his decision. (Tr. 21).

Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on September 14, 2020. (Tr. 1–4). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 21, 23).

## I.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable mind could accept as adequate to support a conclusion. *Ponder v. Colvin*, 770 F.3d 1190, 1193-94 (8th Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted for at least one year and that prevents him or her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing the claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given claimant's age, education, and experience. *See* 20 C.F.R. § 404.1520.

Only if the final step is reached does the fact finder consider the claimant's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520. While the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC both remain with the claimant. *Stormo v. Barnhart*, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

## II.  Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ's erred in finding Plaintiff did not have any mental impairments; 2) whether the ALJ erred in finding Plaintiff could perform medium work; 3) whether the ALJ erred in his evaluation of the medical opinion evidence; and 4) whether the ALJ erred in his use of the Medical-Vocational Guidelines to find Plaintiff not disabled. (ECF No. 21).

Of particular concern to the undersigned is the ALJ's failure to include any mental limitations in the RFC, discuss the impact of any mental impairments on Plaintiff's RFC, or order further testing to clarify the impact of Plaintiff's mental impairments on his RFC. The Court finds remand is necessary to allow the ALJ to clarify his RFC findings and procure further evidence from a VE regarding whether there are any jobs Plaintiff would be able to perform.

While it is not reversible error to fail to find an impairment severe at step two, so long as said impairment is considered in the RFC assessment, failure to find an impairment severe at step two, and then failing to consider the effect of the impairment on Plaintiff's RFC, is reversible error. *See Misty G. v. Berryhill,* 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019);

4

*Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error). In the present case, the ALJ considered Plaintiff's mental impairments at step two, but imposed no mental restrictions in the RFC and did not consider his mental impairments in the RFC assessment. (Tr. 12–20). The record contains two consultative mental examinations. The first was provided by Dr. Robert Spray on July 17, 2018, and a second exam was provided by Dr. Steve Shry on January 21, 2019. (Tr. 489–93, 729–31). Dr. Spray diagnosed Plaintiff with mild intellectual disability, mild neurocognitive disorder secondary to history of stroke, panic disorder, adjustment disorder with depressed mood, and PTSD. (Tr. 491). Dr. Spray considered the validity of his results and stated there was no indication of symptom exaggeration or malingering, but noted that assessment of audio acuity and discrimination may be in order. (Tr. 489, 492). Plaintiff attained a Full-Scale IQ of 52 on the Weschler Adult Intelligence Score. (Tr. 491).

Dr. Shry attempted to administer the Weschler Memory scale but suspected some malingering and noted further evaluation was warranted. (Tr. 731). Dr. Shry noted he was unsure if malingering was occurring, as Plaintiff "would have to be functioning at the Moderate Range of Intellectual Disability to have missed almost every question on this short evaluation" and repeated his opinion that further testing was warranted. (Tr. 731).

The ALJ found that Plaintiff's medically determinable mental impairments caused no more than mild limitations and were nonsevere. (Tr. 14). The ALJ considered Plaintiff's RFC, and found he could perform the full range of medium work. (Tr. 15–20). The ALJ did not consider Plaintiff's subjective complaints of mental impairment, or the findings of the mental consultative examinations in his residual functional capacity assessment.

5

On remand, the ALJ is directed to clarify his RFC findings, specifically addressing Plaintiff's mental impairments. The ALJ is directed to address interrogatories to a qualified mental health expert requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### III. Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

DATED this 14th day of September 2021

                                                                 /s/ *Christy Comstock*
                                                                  HON. CHRISTY COMSTOCK
                                                                  UNITED STATES MAGISTRATE JUDGE